UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Martell B. Bland, | Case No. 2:22-cv-00886-JAD-DJA |
| Plaintiff, | |
| v. | **Order** <br> **&** <br> **Report and Recommendation** |
| United States Marshals Service, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Nevada Southern Detention Center, is proceeding in this action *pro se*, and has requested authority to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 9). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application to proceed *in forma pauperis* is complete, it grants his application. Because the Court finds that Plaintiff's claims are not authorized under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and lack sufficient factual detail, it recommends dismissing Plaintiff's complaint.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by 28 U.S.C. § 1915(a). (ECF No. 9). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

      ***A.     Background.***

Plaintiff sues the United States Marshals Service ("USMS"); Correction Corporation of America ("CCA"); CoreCivic, Inc.; CEO of CoreCivic Damon T. Hininger; Marshal Theo Anderson; Nevada Southern Detention Center ("NSDC"); NSDC Health Service Administrator A. Thornton; NSDC Medical Provider J. Peterson; and NSDC Nurse Mr. Silva. (ECF No. 1-1 at 1-3). Plaintiff alleges that on March 6, 2021, a sharp pain woke him up and his sister took him to the hospital. (*Id.* at 4). At the hospital, a doctor diagnosed Plaintiff with three slipped discs. (*Id.*). Plaintiff describes that between March 6, 2021 and March 11, 2021, he underwent procedures to address his slipped discs. (*Id.* at 4-5).

Plaintiff was scheduled to undergo surgery to address the issues resulting from his slipped discs on November 19, 2021. (*Id.* at 5). He alleges that the USMS deprived him of that surgery, but he does not explain how. (*Id.*). Plaintiff asserts that he also informed the USMS that he had recently been shot in his right arm. (*Id.*). Plaintiff alleges that, despite needing surgery and the bullet wound causing his arm to swell, he "was not given" any medication to address the pain or treatment to address the injury. (*Id.*).

Plaintiff alleges that he "was allowed" to have his back surgery on March 17, 2022. (*Id.* at 6). However, he "was told" he would be deprived of necessary therapy following the surgery. (*Id.*). After surgery, Plaintiff "was transported" to a room in the prison infirmary where he "was placed" on a mat on the floor, which exacerbated his pain. (*Id.*). Plaintiff was bleeding from the surgery, but "was left unassisted" for five days without any treatment. (*Id.*). Plaintiff "was later given" a walker and "put into" general population, which he asserts placed his life in danger. (*Id.*). Plaintiff "was then provided" with 300 mg of ibuprofen, which he asserts was insufficient to address his pain. (*Id.*). Plaintiff asserts that the nurses and medical staff NSDC ignored his requests for help. (*Id.*).

### B. *Plaintiff's claims arise under* Bivens.

Although the complaint states that this is a 42 U.S.C. § 1983 action, that statute only works for claims against state actors, which these defendants are not. The Court thus liberally construes this action as one under § 1983's federal corollary—the case of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In doing so, the Court finds that Plaintiff has not pled a colorable claim.

### C. *Claims against CoreCivic/CCA/NSDC.*

Plaintiff alleges that CoreCivic[1] contracts with the Department of Justice and the USMS to house federal inmates. (ECF No. 1-1 at 2). As a private entity and not a governmental entity, CoreCivic may not be held liable in a *Bivens* action. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (holding that Bivens does not extend to private entities acting under color of federal law). The Court thus recommends dismissal of Plaintiff's claims against CoreCivic without leave to amend.

### D. *Claims against CoreCivic medical personnel and its CEO.*

Plaintiff alleges that CoreCivic medical personnel—Thornton, Peterson, and Silva—deprived him of proper medical care after his surgery. Plaintiff also alleges that the CEO of CoreCivic—Hininger—failed to ensure that inmates received adequate medical care. Plaintiff brings his claims under the Fifth Amendment Due Process Clause and the Eighth Amendment for deliberate indifference to serious medical needs. Because Plaintiff's claims are not authorized under *Bivens* and because the availability of alternative remedies preclude his *Bivens* claims, the Court recommends dismissing them with prejudice.

---

[1] Corrections Corporation of America rebranded to CoreCivic in 2016. *See Corrections Corporation of America Rebrands as CoreCivic*, CORECIVIC (October 28, 2016), https://www.corecivic.com/news/corrections-corporation-of-america-rebrands-as-corecivic. The Court thus treats CCA and CoreCivic as the same defendant. Plaintiff also alleges that NSDC "[i]s a Federal Detention Center that houses Federal Inmates…and is "a subsidiary of the Federal Government and CoreCivic Inc…" (ECF No. 1-1 at 3). To the extent Plaintiff attempts to sue the detention center itself, he cannot do so because it is a building and therefore not subject to suit and liability. *Johnson v. CoreCivic*, No. 2:20-cv-01309-JAD-VCF, 2021 WL 4954302, at *2 n.18 (D. Nev. Oct. 25, 2021).

As a preliminary matter, even if *Bivens* did authorize Plaintiff's claims, he has not alleged sufficient facts about each individual defendant's involvement in depriving him medical care to constitute a colorable claim against them. Even though Plaintiff states that NSDC medical staff ignored his pleas for help, he does not identify what actions each particular defendant took. And Plaintiff's allegations that he "was told" he would not receive therapy, "was placed" on a mat on the floor, "was left" unassisted, "was given" a walker, was "put into" general population, and "was then provided" with ibuprofen do not identify any particular defendant. Plaintiff alleges even less against Hininger, the CEO of CoreCivic. Plaintiff only alleges that Hininger failed to "ensur[e] that all inmates and detainees are provided with adequate medical care." (ECF No. 1-1). But alleging that a defendant held a particular position or that the defendant's subordinate, co-workers, or some other person associated with the defendant violated the plaintiff's civil rights is insufficient to state a colorable claim against the defendant. *Iqbal*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Even if Plaintiff had alleged each of the CoreCivic defendants' involvement in depriving him medical care, his claims would still fail because they are not authorized under *Bivens*. Plaintiff alleges that he is a pretrial detainee. However, he invokes both the Fifth and Eighth Amendment. As a pretrial detainee, Plaintiff's claims arise under the Due Process Clause of the Fifth Amendment. If he was serving a sentence, his claims would arise under the Eighth Amendment. *See Bell v. Wolfish*, 441 US. 520, 535 n.16 (1979) (noting that "the Due Process Clause [of the Fifth Amendment] rather than the Eighth Amendment" is applicable to claims of pre-trial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Because Plaintiff invokes both the Fifth Amendment and the Eighth Amendment, the Court addresses both. In either event, *Bivens* does not authorize his claims and alternative remedies preclude them.

1. *Bivens* analysis.

In *Bivens*, the United States Supreme Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 397. The High Court later expanded *Bivens* damages claims in specific gender-discrimination and inadequate-medical-treatment scenarios involving defendants who were federal employees. *See Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (permitting a damages remedy for gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (allowing a damages remedy for an Eighth Amendment violation for failure to provide adequate medical treatment); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A *Bivens* claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). Then in *Ziglar v. Abbasi*, the Court significantly limited the availability of *Bivens* actions, cautioning lower courts not to expand *Bivens* remedies outside those specific three scenarios' very specific contexts without special circumstances. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55, 1857–61 (2017) (explaining that a context is new if the case differs in any meaningful way from the three previous *Bivens* cases); *Minneci v. Pollard*, 565 U.S. 118, 126 (2012) (recognizing that defendant's status as private employee is a new context).

When a *Bivens* action is brought in a context different from the three recognized scenarios, as is the situation in Plaintiff's case, the availability of alternative remedies will generally preclude the *Bivens* claim. *Ziglar*, 137 S. Ct. at 1858, 1864–65; *Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to extend *Bivens* to Fifth Amendment due-process claim). The alternative remedies and a potential *Bivens* remedy "need not be perfectly congruent." *Minneci*, 565 U.S. at 129; *see also Vega*, 881 F.3d at 1155 (recognizing that the alternative remedial structure and the potential *Bivens* remedy need not be identical, and "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from a new and freestanding remedy in damages"). *Bivens* does not extend to new situations if there is an alternative remedial structure like tort law, injunction

actions, or remedial mechanisms established by the Bureau of Prisons ("BOP") for review of a federal prisoner's conditions-of-confinement issues. *See Minneci*, 565 U.S. at 131 (holding that *Bivens* claim may not be brought against employees working at a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law); *Malesko*, 534 U.S. at 74 (declining to apply *Bivens* where inmate in privately operated prison had full access to the remedial mechanisms established by the BOP, including suits in federal court for injunctive relief and grievances filed through the BOP's Administrative Remedy Program as set forth in 28 C.F.R. § 542.10); *Vega*, 881 F.3d at 1148 (holding that *Bivens* did not apply to Fifth Amendment due process claim because plaintiff had alternative means for relief against private entity's employees through 28 C.F.R. § 542.10). This is true even if that alternative remedy is less generous than one available under *Bivens* or the plaintiff's claims for those remedies may ultimately fail. *Vega*, 881 F.3d at 1155.

2. <u>Eighth Amendment deliberate indifference claims.</u>

To the extent that Plaintiff brings Eighth Amendment claims for deliberate indifference to serious medical needs against the CoreCivic employees based on a failure to provide medical care for him after his surgery, the Court recommends dismissing them. Plaintiff's Eighth Amendment claims do not fall into one of the three categories for which *Bivens* claims are authorized, both because the claims raise issues about deliberate indifference to serious medical needs and because they target employees of a privately operated prison. *See Bacon v. CoreCivic*, No. 2:20-cv-00914-JAD-VCF, 2021 WL 6200603, at *5 (D. Nev. Mar. 9, 2021) ("[a]n Eighth Amendment claim for deliberate indifference to serious medical needs brought against private prison employees is a new context."). The Court must thus consider whether *Bivens* remedies should be extended to this situation. The Supreme Court has held that if a federal prisoner seeks damages from defendants who are employed by an entity privately operating a federal prison, where "the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law" and the Court cannot imply a *Bivens* remedy. *Minneci*, 565 U.S. at 131. Plaintiff may not

pursue his Eighth Amendment claims for deliberate indifference to serious medical needs against the CoreCivic employees and the Court recommends dismissing them without leave to amend.

          3.        <u>Fifth Amendment due process claims.</u>

Plaintiff's Fifth Amendment claims also do not fall into one of the three categories for which *Bivens* claims are authorized, again both because the claims raise issues about deprivation of adequate medical care and because they target employees of a privately operated prison. And for the same reasons the Court cannot imply a *Bivens* remedy for Plaintiff's Eighth Amendment claims, it cannot imply a remedy for his Fifth Amendment claims. Plaintiff's Fifth Amendment due process claims stem from the same conduct underlying his Eighth Amendment claims and are also lodged against privately employed defendants. And that conduct is "of a kind that typically falls within the scope of traditional state tort law." *Minneci*, 565 U.S. at 131. Plaintiff may not pursue his Fifth Amendment due process claims against the CoreCivic employees and the Court recommends dismissing them without leave to amend.

      **E.**     ***Claims against the USMS.***

Plaintiff alleges that the USMS deprived him of his back surgery and did not provide him treatment for his bullet wound. (ECF No. 1-1 at 5-6). However, a *Bivens* claim may only be maintained against officials acting under color of federal law in their individual capacities—neither the United States nor a federal agency is a proper defendant for *Bivens* claims. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (federal agencies are not proper defendants in a *Bivens* action); *Myers v. U.S. Marshals Serv.*, No. 10-cv-02662, 2011 WL 671998, at *2 (S.D. Cal. Feb. 15, 2011) (dismissing United States Marshals Service because *Bivens* does not authorize suits against federal agencies). The Court thus recommends dismissing Plaintiff's claims against the USMS without leave to amend.

      **F.**     ***Claims against Marshal Anderson.***

Marshal Anderson is the only federal official Plaintiff names. Plaintiff alleges that Marshal Anderson failed to "ensur[e] that all inmates and detainees are provided with adequate medical care," did nothing to address Plaintiff's bullet wound, and failed to provide Plaintiff care

after surgery. (*Id.* at 7-8). But Plaintiff makes these allegations against multiple defendants without specifying what specific actions Marshal Anderson took.

Whether *Bivens* would authorize a claim for this scenario remains to be seen. But before the Court even reaches that question, it must recommend dismissing Plaintiff's claims against Marshal Anderson because Plaintiff has not pled any factual allegations against Marshal Anderson to state any constitutional-violation theory against him. To be liable for a *Bivens* claim, the *particular* defendant himself must have personally violated the plaintiff's constitutional rights. *Ziglar*, 137 S. Ct. at 1860 (holding that "*Bivens* is not designed to hold officers responsible for acts of their subordinates"). Here, Plaintiff alleges no facts mentioning Marshal Anderson. Plaintiff has therefore not alleged facts to state a colorable *Bivens* claim against him. Although it appears very unlikely that Plaintiff will be able to state a colorable claim against Marshal Anderson, the Court recommends giving Plaintiff leave to amend the claims against him.

If Plaintiff chooses to amend his claims against Marshal Anderson, Plaintiff's amended complaint must allege true facts sufficient to state a colorable *Bivens* claim against each *particular* defendant. General, collective, or conclusory allegations will not be sufficient. Furthermore, Marshal Anderson may not be held vicariously liable for a *Bivens* claim merely because of the position he holds. If there is an alternative remedial scheme available, Plaintiff is challenging a policy, or Plaintiff seeks injunctive relief, Plaintiff will not be able to state a colorable *Bivens* claim. *See Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) (holding that a *Bivens* action is inappropriate for claims seeking solely equitable relief against actions by the federal government and explaining that *Bivens* suits are individual capacity suits and thus cannot enjoin official government action).

If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function

in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Martell B. Bland, Inmate No. 47080048**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Director of Inmate Accounting c/o Warden's Office,** Nevada Southern Detention Center, 2190 East Mesquite Ave., Pahrump, NV 89060.

**IT IS FURTHER ORDERD** that even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

### REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against the United States Marshals Service; Correction Corporation of America; CoreCivic, Inc.; Damon T.

Hininger; Nevada Southern Detention Center; A. Thornton; J. Peterson; and Mr. Silva be **dismissed without leave to amend** because amendment would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Marshal Theo Anderson be **dismissed with leave to amend.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 3, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE